UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PENNY MATHEWS,           )
      Plaintiff,              )
                         )
  vs.                    )     1:09-cv-478-SEB-DML
                         )
BRONGER MASONRY, INC.,   )
      Defendant.              )

**ENTRY ON PENDING MOTIONS**

Plaintiff, Penny Mathews, began working for Defendant, Bronger Masonry, Inc. ("BMI"), in April 2007. She answered Defendant's internet advertisement seeking an office manager/bookeeper and began working for BMI after the company's president, Dwayne Bronger, interviewed her by phone and e-mailed to her a job offer. Mathews claims in this litigation that she was an hourly employee, but BMI insists that it paid her a salary. A printout of the BMI payroll records contains an entry of 48 hours for the first week of Mathews's employment and 40 hours for every subsequent week of her employment. Based on those same payroll records, if calculated on an hourly basis, Mathews initially earned $18.75 per hour, which wage rate was subsequently raised to $21.15 per hour and again to $22.54 per hour. Despite the clear import of the entries in the payroll records, Mathews claims she routinely worked more than 40 hours per week and was therefore due overtime pay. BMI claims that she was a salaried employee who in fact often worked far fewer than 40 hours per week. Mathews left BMI in July 2008;

BMI claims she quit, but Mathews says she was told she need not return to work following a two-day absence.

Mathews's complaint is framed in three counts alleging violations of: (1) the federal Fair Labor Standards Act (FLSA); (2) Indiana's Wage Payment Statute; and (3) Indiana's Wage Claim Statute. BMI seeks summary judgment on each of these claims. Mathews seeks partial summary judgment on the issue of Dwayne Bronger's status as an employer under the FLSA as well as on the issue of whether the administrative exemption applies to exclude her from coverage under the FLSA. Several other related motions addressing the appropriateness of evidentiary submissions and Defendant's request for a hearing also await a ruling. We take them up *seriatim* in this entry.

***BMI's Motion for Hearing and Renewed Request for Hearing (Docs. #56 & #61)***

Defendant seeks a hearing on its summary judgment motion in order to "orally argue" its case. Plaintiff opposes that motion, prompting Defendant's "Renewed" request for a hearing. Both the initial motion and the "Renewed Request" are hereby DENIED. Our general practice in this court is to make the required rulings whenever possible based on the parties' briefs and submissions. Time does not permit the scheduling of oral arguments on all summary judgment motions, and, ordinarily, only compelling circumstances warrant oral argument. In any event, when counsel seek to orally argue such a motion, that request must comply with Local Rule 7.5, which requirement neither

side complied with in this case. Accordingly, no oral argument is necessary and none shall occur on the issues before us.

***Mathews's Motion to Strike Exhibit (Doc. #65) and BMI's Motion to Strike Letter (Doc. #66)***

Local Rule 56.1(f) provides as follows: "Collateral motions in the summary judgment process, such as motions to strike, are disfavored." That rule further reflects the Court's preference for handling issues regarding the admissibility or effect of particular evidence in the context of the briefing on summary judgment. That admonition was apparently lost on both parties who despite its clear terms chose to file motions to strike. Plaintiff's motion addresses a calendar submitted as an exhibit to BMI's reply brief which purports to show the days Mathews worked and the days she did not; Plaintiff complains that it lacks any authentication. In its motion, BMI seeks to strike a letter submitted by Plaintiff which was allegedly originally sent from counsel for Mathews to BMI's counsel and to the Court.

We agree with Plaintiff that BMI has failed to provide a proper foundation to authenticate the calendar; nevertheless, consistent with our local rules, we shall substantively address this issue in our summary judgment rulings. Regarding BMI's motion, the docket reflects no receipt of the July 13, 2010, letter which the motion seeks to strike. Thus, it does not comprise a part of the record of this case. Even if it had been received and somehow subsequently misplaced (highly unlikely we believe), it has played

no role in our analysis of the issues before us. Accordingly, both of the aforementioned motions to strike are DENIED.

*Mathews's Motion for Partial Summary Judgment (Doc. #61)*

Plaintiff filed her Motion for Partial Summary Judgment while her Motion to Amend Complaint (Doc. #47) was still pending a ruling. The Motion to Amend sought to add the president and owner of BMI, Dwayne Bronger, as an individual Defendant. Magistrate Judge Lynch denied the amendment in her order dated September 21, 2010, and we recently upheld that decision in an order entered on October 25, 2010. Consequently, to the extent that Mathews's summary judgment motion seeks a ruling as to Bronger's personal liability under the FLSA, the motion must be denied because Bronger is a non-party in this litigation, and no judgment is available against a non-party.

Mathews also seeks summary judgment on the issue of whether the FLSA's administrative exemption applies to her; she contends it does not. As a general rule, the FLSA requires employers to pay employees who work more than 40 hours in a week at least one and one-half times their hourly rate for each additional hour worked over 40. 29 U.S.C. § 207(a). However, an employer is exempt from payment of overtime wages to employees who fall within certain categories defined in the FLSA. 29 U.S.C. § 213. Specifically, overtime need not be paid to anyone employed in a "bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1).

A defendant asserting the administrative exemption in defense of a claim for overtime wages bears the evidentiary burden. *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 (7th Cir. 2010). The Department of Labor has promulgated relevant regulations which include a three-part test for determining whether an employee comes within the so-called administrative exemption. First, the employee must be salaried and paid at least $455 per week. 29 C.F.R. § 541.200(a)(1). Second, the employee's primary duty must be the performance of office or non-manual work "directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). To satisfy this test, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail service establishment." 29 C.F.R. § 541.201(a). Third, the employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)(3). "[T]he exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a).

In our case, BMI has submitted payroll records and the affidavit of Dwayne Bronger to substantiate each element of its administrative exemption defense. Plaintiff proffers her own affidavit to contradict of Mr. Bronger's assertions and to show that,

based on the first week of payroll records, she appears to have been paid by the hour, as opposed to by salary. Mathews's attempt to create a question of fact with respect to the application of the exemption undermines her effort to show any factually unequivocal entitlement to a ruling that, as a matter of law, she was not covered by the administrative exemption. Thus, her Motion for Partial Summary Judgment is DENIED.

*BMI's Motion for Summary Judgment (Doc. #42)*

BMI's attempt to establish an entitlement to summary judgment on Plaintiff's FLSA claim falters based on the same unresolved factual issues which doomed Plaintiff's motion. In his affidavit testimony, Dwayne Bronger authenticates a document which purports to be the written offer of employment to Mathews, which she thereafter accepted. Apart from whether or not that document establishes that she was indeed a salaried employee, Mathews contends that she never agreed to accept that offer, claiming instead that there was another offer which she actually accepted. Payroll records, she argues, appear to suggest that terms other than those referenced in the document identified and submitted by BMI reflected the terms of Mathews's employment commencing with the date she was first employed.

In an attempt to buttress its assertion that Mathews often worked fewer than 40 hours, despite being paid a weekly salary, BMI has submitted a demonstrative exhibit in the form of a calendar allegedly created by Bronger, containing a detailed listing of the

hours worked by Mathews. As we have previously noted, this document lacks the necessary authentication. In addition, BMI failed to produce any compilation of the hours worked by Mathews in response to Plaintiff's request for production of such documentation. In an effort to overcome the original deficiencies, Bronger has submitted a second affidavit explaining that the basis for the calendar he created was "a detailed listing" of business data, but that "listing" has been provided neither to the Courts, nor to the Plaintiff, nor have any substantiating details been provided in an attempt to authenticate or otherwise render the exhibit admissible.

Ultimately, whether Mathews was salaried and whether the type of work she performed satisfied the FLSA's administrative exemption are issues which remain in serious contention and, at least at this point, seem likely to turn on the credibility of the witnesses. When evidentiary facts are in dispute and when the credibility of witnesses will influence the resolution of conflicting evidence, a full trial is necessary. William Schwarzer, Alan Hirsch & David Barrans, *The Analysis & Decision of Summary Judgment Motions*, 139 F.R.D. 441, 474 (1991) (quoting Fed.R.Civ.P. 56(e) advisory committee's notes (amended 1963)). Clearly, summary judgment is not available here to either party with respect to Plaintiff's FLSA claim.

Regarding Plaintiff's Indiana Wage Payment Statute claim, pursuant to Ind. Code § 22-2-4-4, BMI assumes it is a claim for overtime pay. Based on that assumption, BMI asserts that the exclusive remedy for unpaid overtime claims is pursuant to the FLSA.

Mathews responds that she does not seek overtime pay; rather, she seeks to recover non-overtime pay for uncompensated hours worked during weeks when she was paid for vacation or sick days. BMI's rejoinder that no documents exist to support her claim falls short of a complete defense because, of course, there is no requirement that a plaintiff prove her case only through some form of documentation. Perhaps her claim for unpaid non-overtime hours will turn on whether she was in fact a salaried employee, which, as noted previously, remains an unresolved factual issue.

Mathews's final claim brought under the Indiana Wage Claims Statute, Ind. Code § 22-2-9-2, seeks payment for personal and vacation time she claims had accrued and to which she was entitled when she left BMI's employ. Relying on *St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, 766 N.E.2d 699. 705 (Ind. 2002), BMI contends that, unless an assignment has been made by the Indiana Attorney General, only the state's Labor Commissioner is empowered to enforce the Wage Claims Statute. Mathews demurs, admitting through her attorney's affidavit that he overlooked the necessity of securing a referral letter from the Indiana Attorney General's office but that he has now submitted a belated request.

Without the required referral letter, Indiana law makes clear that a plaintiff is foreclosed from bringing an action under the Wage Claims Statute. *See* Ind Code § 22-2-9-4. BMI is thus entitled to summary judgment on Count Three of Plaintiff's Complaint.

*Conclusion*

For the reasons explicated in this entry, the Court enters the following orders:

1. Defendant's Motion for Hearing (Doc. #56) is DENIED.

2. Defendant's Renewed Request for Hearing (Doc. #59) is DENIED.

3. Plaintiff's Motion to Strike Exhibit (Doc. #65) is DENIED.

4. Defendant's Motion to Strike Letter (Doc. #66) is DENIED.

5. Plaintiff's Motion for Partial Summary Judgment (Doc. #61) is DENIED.

6. Defendant's Motion for Summary Judgment (Doc. #42) is GRANTED IN PART and DENIED IN PART. Summary Judgment in favor of Defendant and against Plaintiff is granted only as to Count Three.

IT IS SO ORDERED.

Date: 11/18/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Michael L Einterz, Sr.
EINTERZ & EINTERZ
einterz@einterzfirm@aol.com

Michael L Einterz, Jr.
EINTERZ & EINTERZ
michael@einterzfirm@aol.com

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com