UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PENNY MATHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:09-cv-0478-SEB-DML |
| vs. | ) | |
| | ) | |
| BRONGER MASONRY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEY FEES**

The matter before us here is Plaintiff Mathews's request for an award of reasonable attorney fees based on her successful claim against her former employer, Defendant Bronger Masonry, Inc. ("Bronger") pursuant to Indiana Code § 22-2-5-2. The underlying amount awarded to Ms. Mathews for her unpaid salary was $676.92. In recovering this *de minimis* amount, Ms. Mathews incurred a whopping $72,913.60 in attorney fees, $27,264.00 of which she argues was related to pursuing her lone successful claim. For the reasons detailed herein, we hold that Bronger is obligated to pay Ms. Mathews as a reasonable attorney fee the amount of **$2,000.00.**

## Background

The factual background of this case has been recounted several times in a variety of prior orders by the Court, the details of which we can forgo here. However, because the procedural background of this case bears on the parties' current fee dispute, we will

briefly recount those relevant facts.

Ms. Mathews sued Bronger for failing to pay her overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; for failing to timely pay her wages she was entitled to, in violation of Indiana Code § 22-2-5; and for failing to timely pay her wages after the termination of her employment, in violation of Indiana Code § 22-2-9. The case went to trial over two days, after which the Court entered its findings of fact, conclusions of law, and judgment. The Court ruled that Bronger had succeeded in establishing that Ms. Mathews was an administrative employee and thus exempt from the requirements of 29 U.S.C. § 207. Accordingly, she failed to prevail on her FLSA claim. The Court also sided with Bronger with regard to Ms. Mathews's claims for unpaid hours and for unpaid vacation/personal/sick time. However, given our conclusion that Ms. Mathews was a salaried employee, which characterization she had denied for purposes of her other claims, we determined that she was entitled to a week's salary to compensate her when she had been underpaid by $338.46.

When an employer fails to make payment of wages in accordance with Indiana's Wage Payment Statute, the employer is required to "pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due." Ind. Code § 22-2-5-2. Thus, the Court assessed liquidated damages against Bronger in the amount of $676.92. That statute further provides that "the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys." *Id.* This is the basis for Ms. Mathews's entitlement to recover a reasonable attorney's fee, but clearly such an award is

limited to Ms. Mathews's lone successful claim.  Fees related to preparing and trying Ms. Mathews's FLSA or other state law claims are not recoverable.

## Discussion

Bronger objects to the reasonableness of Ms. Mathews's fee request, arguing that her fee petition fails to adequately segregate fees incurred in connection with her single successful claim.  Bronger reminds us that Ms. Mathews ultimately was awarded only a tiny fraction of her original damages claim.

Because Ms. Mathews's successful claim and thus her entitlement to reasonable attorney fees are based on an Indiana statute, we apply state law in determining the amount of that award.  The determination of the amount of attorney fees vests in the trial court's sound discretion.  Jackson v. ArvinMeritor, Inc., No. 1:07-cv-0430-DFH-DML, 2009 WL 1941335, at *1 (S.D. Ind. July 2, 2009) (citing Valadez v. R.T. Enters., Inc., 647 N.E.2d 331, 333 (Ind. Ct. App. 1995)).  When determining the reasonableness of any fee request, courts begin by examining "the lodestar – the rate charged and the hours worked."  Lock Realty Corp. IX v. U.S. Health, LP, et al., No. 3:05-cv-715-RM, 2012 WL 90150, at *2 (N.D. Ind. Jan. 10, 2012) (citing Fortner v. Farm Valley-Applewood Apartments, 898 N.E.2d 393, 400 (Ind. Ct. App. 2008); In re Estate of Inlow, 735 N.E.2d 240, 257 (Ind. Ct. App. 2000)).

Regarding the reasonableness of the hourly rate charged by Ms. Mathews's attorney, Mr. Weldy, he avers in his affidavit that his billing rate was $250.00 per hour during the period of July 1, 2008 to December 31, 2009; $275.00 per hour from January

1, 2010 to July 1, 2011; and $300.00 per hour thereafter. Mr. Weldy's paralegal's billing rate was set at $115.00 per hour prior to December 31, 2009 and $125.00 per hour after January 1, 2010. Bronger has interposed no objection to the reasonableness of these hourly rates. Thus, we accept Mr. Weldy's proposed hourly rates as reasonable as well as that charged by his paralegal.

Turning to hours spent prosecuting Ms. Mathews's claim, Mr. Weldy claims that he racked up 101.2 hours related to the prosecution of Ms. Mathews's successful claim, including time spent seeking this award of attorney fees.[1] To compensate him for these services, Mr. Weldy, on behalf of Ms. Mathews, seeks an award of $27,264.00.[2] We agree with Bronger that the number of hours attributable to the successful portion of Plaintiff's claims is plainly unreasonable.

We begin our analysis acknowledging that Ms. Mathews is entitled to attorney fees for a very narrow segment of her total original claim against Bronger. See, e.g., Jackson, 2009 WL 1941335, at *2; Novak v. Apollo Printing & Thermography, Inc., 562 N.E.3d 1305, 1307-08 (Ind. Ct. App. 1990). In fact, Ms. Mathews wisely concedes this point. Pl.'s Mem. at 7. Thus, we must determine what proportion of Ms. Mathews's attorney

---

[1] The Court came to this number by adding: the 78.1 hours worked on the claim successfully prosecuted as of May 2, 2011; the 4.8 additional hours requested in Ms. Mathews's May 27, 2011 Reply in Support of Motion for Attorney Fees; the 5.9 additional hours requested in Ms. Mathews's June 10, 2011 Verified Supplemental Request for Attorney Fees; and the 12.4 additional hours requested in Ms. Mathews's May 14, 2012 Reply in Support of Motion for Attorney Fees.

[2] At the time of Ms. Mathews's original petition for fees (May 2, 2011), Mr. Weldy testified by affidavit that he had expended 265.5 total hours on this matter, which computed to a total fee of $66,253.00.

fees can reasonably be attributed to the successful portion of her case.

Mr. Weldy testified that he "has gone through his billing and taken out time associated with the unsuccessful claims in this matter to the best of his ability." Other than Ms. Mathews's statement regarding the total attorney time spent on this case (265.5 hours/$66,253.60 at the time of the initial briefing), Mr. Weldy's statement reflects his tacit agreement that the vast majority of Ms. Mathews's claims failed on their merits. Bronger's argument that it is "clear" that Ms. Mathews has failed to segregate the time spent on her lone successful claim from that spent on her failed claims stops short of offering any suggestion as to an approach the Court might properly take in making this allocation.[3]

In Jackson, then Chief Judge David Hamilton of our court wrote, "As with many fee-shifting statute[s] designed to ensure that modest but valid claims can be pursued in court, a reasonable fee for a prevailing plaintiff can often exceed the sum awarded to the plaintiff." Jackson, 2009 WL 1941335, at *2. He declined to follow the defendant's proposal to calculate the ratio of the damages the plaintiff won to the damages the plaintiff originally sought to recover and to apply the same percentage to determine the attorney fees award. Id. at *2-3. Judge Hamilton acknowledged in that case that the plaintiff's successful claim was closely related, both factually and legally, to his unsuccessful claims. Id. at *3. Thus, he reasoned, the defendant's "simple mathematical

---

[3]Bronger does point to several examples of time entries that are not limited to Ms. Mathews's successful claim "on their face." For instance, Ms. Mathews seeks fees for the preparation and filing of the Complaint, which does not address the claim for unpaid salary. However, Bronger admits that its rhetorical examples are far from being "an exhaustive list."

formula" would not adequately account for the "spillover" between and among the claims. Id.

In our case, unlike in Jackson, Ms. Mathews's success on her claim for underpayment of wages reflected our determination that she worked for Bronger as a salaried (not hourly) employee. Ms. Mathews's other failed claims were also premised on her assertion that she was an hourly employee. Thus, we do not share Judge Hamilton's wariness in adopting a formula to calculate her entitlement to an award of attorney's fees which reflects an appropriate allocation of his labor based on the ratio of the amount of damages she sought in her original claim to the amount she actually was awarded. Furthermore, the parties have been singularly unresponsive in suggesting another, fairer methodology for the court to apply.

Given that Ms. Mathews's prayer for relief on all of her claims was $39,925.01, as reflected in her Proposed Findings of Fact and Conclusions of Law, and her recovery on the single claim on which she prevailed was $676.92, her recovery represents 1.7% of the overall damages amount. The total amount of attorney's fees incurred by Ms. Mathews for Mr. Weldy's work on all the claims advanced in this litigation is $72,913.60.[4] Computing 1.7% of that total fee amount, the result is $1,239.53. That said, we do note that since the time of the original fee petition, a larger proportion of Mr. Weldy's billed time was likely devoted to pursuit of the attorney fee award. However, there is no way

---

[4]The Court came to this figure by adding the amounts testified to by Mr. Weldy in his May 2, 2011, May 27, 2011, June 10, 2011, and May 14, 2012 filings for 288.6 total hours expended.

for the Court to perform a precise analysis of what that proportion that might be. Accepting this likelihood, we will allow an upward adjustment to allow a total attorney's fee award of $2,000.00.  In setting this amount, we note that it is more than three times the amount recovered on the merits of Ms. Mathews's successful claim.

## Conclusion

For the reasons stated herein, Ms. Mathews's Motion for Attorney Fees [Docket No. 126] is <u>GRANTED</u> in the amount of $2,000.00, which is to be paid forthwith by Bronger.  Her motion is <u>DENIED</u> in all other respects.

IT IS SO ORDERED.

Date:___09/28/2012_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ronald E. Weldy
WELDY & ASSOCIATES
weldy@weldylaw.com

Daniel M. Drewry
DREWRY SIMMONS VORNEHM LLP
ddrewry@dsvlaw.com

Christopher S. Drewry
DREWRY SIMMONS VORNEHM LLP
cdrewry@dsvlaw.com